UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


STEPHANIE R. LOEKS,

              Plaintiff,                          Civil No. 09-1435-HA

              v.                               OPINION AND ORDER

MICHAEL J.  ASTRUE,
Commissioner of Social Security,

              Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff brings this action requesting judicial review of a decision by the Commissioner

of the Social Security Administration (SSA) denying her application for disability insurance

benefits (DIB) and Supplemental Security Income benefits (SSIB).  Plaintiff seeks an order

reversing the Commissioner's decision and remanding this case for an award of benefits.  After

reviewing the record of this case and evaluating counsel's arguments, this court concludes that

1   - OPINION AND ORDER

the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff's application for DIB and SSIB is affirmed.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSIB on March 14, 2006. These applications were denied, and plaintiff's request for reconsideration was addressed at a hearing before an Administrative Law Judge (ALJ). The ALJ heard testimony from plaintiff (who was represented by counsel) and from Jeffrey Tittlefitz, a vocational expert (VE). The ALJ concluded that plaintiff did not qualify for benefits. Tr. 10-22.[1] Plaintiff appealed unsuccessfully to the SSA Appeals Council, and then sought judicial review. This Opinion and Order provides that review.

## FACTUAL BACKGROUND

The parties present no challenges to the facts as presented in the record of the case. Details of plaintiff's background and medical history will be reviewed as necessary in this ruling's analysis below.

## STANDARDS

The parties are familiar with the applicable standards required for proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ undertook the appropriate sequential evaluation process for determining if a person is eligible for benefits because of

---

1       Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

disability.  20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Plaintiff's challenges to that process and the ALJ's analysis are addressed below.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Orn v. Astrue*, 495 F.3d  625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted).  A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record.  *Id*.

**QUESTIONS PRESENTED**

At step one, the ALJ found that Plaintiff had not engaged in SGA since her alleged onset date.  Tr. 15, Finding 2.

3  - OPINION AND ORDER

At step two, the ALJ found that plaintiff suffered from the following severe impairments: mild facet arthrosis, spondylosis, and polysubstance abuse in remission.  Tr. 16, Finding 3.  After finding that a claimant has severe impairments, an ALJ is required to proceed to the third step to determine whether the existing impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or medically equal a Listed Impairment.  Tr. 18, Finding 4.

If the impairments are not presumed to be disabling, the ALJ determines the claimant's Residual Functional Capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all the claimant's impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); Social Security Ruling (SSR) 96-8p.  The ALJ found that plaintiff had the RFC to perform light work, further limited to occasional stooping and occasional climbing of ladders, ropes, and scaffolds.  Tr. 19, Finding 5.

Upon the establishment of the claimant's RFC, the ALJ determines at the fourth step whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  The ALJ, relying on the vocational expert's testimony, found that plaintiff could perform her past relevant work as a small products assembler, semiconductor inspector, and retail salesperson.  Tr. 21, Finding 6.  This conclusion required the ALJ to make a finding that plaintiff is "not disabled" and to deny disability benefits.  *See* 20 C.F.R. § 404.1520(e).  Accordingly, the ALJ found that plaintiff did not qualify for DIB or SSI at any time between

March 22, 2004, her alleged onset date, and December 23, 2008, the date of the ALJ's decision. Tr. 21, Finding 7.

In this five-step framework used by the Commissioner, the claimant bears the burden of establishing his or her disability during the first four steps. The ALJ found that plaintiff fell short of meeting this burden.

Plaintiff asserts primarily that the ALJ erred in evaluating (1) her credibility, (2) her impairments, and (3) her ability to perform past relevant work. These challenges are addressed in turn.

## ANALYSIS

### 1.    The ALJ's evaluation of plaintiff's credibility

Plaintiff contends that the ALJ erred in finding plaintiff's testimony less than credible. The ALJ concluded that plaintiff's testimony should be discounted because, in part, the record indicated that plaintiff acknowledged attempting to "game her medical providers into giving her controlled substances," revealed inconsistencies regarding claims by plaintiff that she was no longer abusing drugs, and that her reported symptoms were disproportionate to her treatment and diagnoses. Tr. 16-18.

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). In determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

5   - OPINION AND ORDER

The ALJ is entitled to consider inadequately explained failures to seek treatment or to follow a prescribed course of treatment, as well. *Id*.

The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Light v. Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997). Moreover, the ALJ may consider conflicting medical evidence, effective medical treatment, inconsistent statements, daily activities inconsistent with the alleged symptoms, and testimony that is vague or less than candid. *Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1039-40 (9th Cir. 2007).

A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F. R.§§ 404.1529(c)(2); 416.929(c)(2). If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959. However, if "there is no affirmative evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1281-84).

Here, no evidence of malingering was presented. Nevertheless, the ALJ's grounds for discounting plaintiff's testimony are legally adequate. The ALJ's analysis of the credibility of plaintiff's testimony was thorough, proper, and supported by substantial evidence in the record.

In particular, plaintiff's testimony about suffering from symptoms of post-traumatic stress disorder (PTSD) – including nightmares, trust issues, and anxieties – is inconsistent with her

explicit reports to mental health specialists who were treating her, and their diagnoses of plaintiff. Tr. 429-43.

Similarly, plaintiff's participation in treatment and taking medication has diminished, and the record fails to reflect an increase in symptoms. Instead, it appears that plaintiff has improved. Tr. 347-53. A lack of treatment for mental conditions is a legitimate credibility consideration. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). A claimant's treatment regimen is viewed as "powerful evidence regarding the extent to which [he or she] was in pain." *Id*. Opting for what might be viewed as "conservative treatment" may "discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (internal quotations and citations omitted).

After reviewing the record and the parties' arguments, this court concludes that the ALJ's determination that plaintiff's testimony was not entirely credible was supported by persuasive evidence concerning plaintiff's medical improvement, observations by a medical professional of drug-seeking behavior, and plaintiff's conservative treatment choices. This evidence amounts to clear and convincing reasons to view plaintiff's testimony as not entirely credible, and plaintiff's objections to the ALJ's findings in this regard must be rejected.

The ALJ evaluated plaintiff's testimony correctly, and that testimony – properly credited – supports the ALJ's assessments of plaintiff. Tr. 28-30. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001); *Thomas*, 278 F.3d at 959.

## 2.    The ALJ's evaluation of plaintiff's impairments

Plaintiff also contends that the ALJ erred at step two regarding her mental impairments. As noted above, at step two of the sequential process an ALJ is required to conclude whether a

claimant suffers from a severe impairment, one which has more than a slight effect on the claimant's ability to work.

To establish the existence of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. The claimant's self-reporting alone will not suffice. *See* 20 C.F.R. §§ 404.1508; 416.908. However, an overly stringent application of the severity requirement at step two violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994).

Instead, the step two inquiry is viewed as a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987). The Commissioner's regulations provide that a claimant's impairment may be found to be "non-severe" only when evidence establishes that the impairment is a "slight abnormality" that has "no more than a minimal effect on an individual's ability to work." *Corrao*, 20 F.3d at 949 (citing SSR 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on his or her ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). This "combined effect" must be considered throughout the entire disability determination process. *Id*.

As SSR 85-28 provides:

A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.

SSR 85-28.

Plaintiff argues that in light of the evidence presented regarding her mental and physical impairments, the ALJ should have developed the record further. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (even an incomplete picture of a claimant's overall health during the relevant period may include evidence of problems sufficient to pass the *de minimis* threshold of step two and the ALJ has an affirmative duty to supplement incomplete medical records before rejecting a claimant's petition at so early a stage in the analysis) (citations omitted). Plaintiff contends that the ALJ "failed to properly consider the mental impairments when evaluating Plaintiff's ability to work," and that a treating psychiatric physician Judith Watkins, M.D., diagnosed "adjustment disorder with depressed and anxious mood; mood disorder; rule out cognitive disorder, and a GAF [Global Assessment of Functioning] of 50." Opening Brief at 16 (citing Tr. 442).

The ALJ has "a special duty to fully and fairly develop the record and assure that the claimant's interests are considered." *Hayes v. Astrue*, 2008 WL 686867, *2 (9th Cir. Mar. 12, 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam)).

Some responsibility to develop the record rests with the ALJ in part because disability hearings are inquisitorial rather than adversarial in nature. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Administrative regulations also mandate the ALJ to look "fully into the issues" at hearings. 20 C.F.R. §§ 404.944 and 416.1444; *see also Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989).

Fulfilling the duty to develop the record may compel the ALJ to consult a medical expert or to order a consultative examination. *See* 20 C.F.R. §§ 404.1519a and 416.919a. If the

evidence presented is inadequate to determine disability, the ALJ is required to re-contact medical sources for additional information.  20 C.F.R. § 416.912(e); *see also Thomas*, 278 F.3d at 958 (citation omitted) (the requirement for seeking additional information is triggered when evidence from a treating medical source is inadequate to make a determination as to a claimant's disability).

Relatedly, an ALJ must take reasonable steps to ensure that issues and questions raised during the presentation of medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information.  *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998, as amended Jan. 26, 1999); *see also* 20 C .F.R. §§ 404.1527(c)(3) and 416.927(c)(3) (explaining how an ALJ may obtain additional evidence where medical evidence is insufficient to determine whether claimant is disabled); 20 C.F.R. §§ 404.1512(e) and 416.912(e) (obtaining additional information from treating doctors).

The duty to further develop the record may not be triggered if the record before the ALJ is adequate to support the proper evaluation of the evidence.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citation omitted).  In this case, the medical record presented a complete picture of plaintiff's mental impairments.  Plaintiff's mental health examinations identified mood disorders, polysubstance abuse, and PTSD.  Tr. 240-253 (non-treating agency physicians in 2006); Tr. 442-43 (Dr. Watkins' 2007 evaluations regarding adjustment disorder, mood disorder and GAF).  The agency physicians indicated that these impairments were non-severe.  Tr. 240.  Doctor Watkins found no need for medications or for intervention in 2007.  Tr. 443.

That doctor assessed a probable bipolar disorder in 2008, but recommended no medications and advised that plaintiff continue psychotherapy and be given support for abstaining from substance abuse.  Tr. 428.  Plaintiff reported then that she was "calm, pretty mellow, and positive," and free from major depressive symptoms since the birth of her child.  Tr. 427.  The examination of her mental status found plaintiff calm, without agitation or fidgetiness, on track, with a positive mood.  *Id*.

This record was adequate for the ALJ to properly evaluate plaintiff's mental impairments as non-severe.  The medical evidence that was presented subsequent to the agency examinations in 2006 was insufficient to trigger a duty to further develop the record.  The evidence presented bolstered the determination that plaintiff's mental impairments are non-severe.

**3.    The ALJ's evaluation of plaintiff's work abilities**

The final argument meriting analysis is plaintiff's assertion that the ALJ erred in concluding that plaintiff could perform her past work, and also erred in construing that work as SGA.  Plaintiff contends that the VE mistakenly described her work as a retail salesperson as SGA, despite the lack of evidence that plaintiff performed that work for a sufficient duration (between one and three months).  Opening Brief at 8 (citing 20 C.F.R. 404.404.1560(b), 404.1565, 416.960(b), and 416.965).  Plaintiff argues that the same error occurred regarding plaintiff's positions as semi-conductor inspector and small product assembler.  Opening Brief at 8-9.  Plaintiff asserts that the ALJ failed to adequately determine whether there was sufficient evidence of the physical demands and the "duration and recency" of plaintiff's past work to construe it as SGA.  *Id*. at 9-13 (citing SSR 82-62).  Plaintiff avers that the ALJ erred also by

failing to evaluate the "nature and duties of the past work," in violation of SSR 82-61.  Opening Brief at 13-14.

The burden to prove that a claimant is unable to perform past work rests with the claimant.  *Carmickle v. Comm.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).  The ALJ did not err in concluding that plaintiff failed to meet this burden.  Plaintiff's past work was properly construed as SGA, as well.  Past relevant work is work that was performed in the last fifteen years, lasting long enough for the claimant to learn the work, and which qualified as "substantial gainful activity."  20 C.F.R. §§ 404.1565(a), 416.965(a).  Work is substantial if it "involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572, 416.972.  It is gainful "if it is the kind of work usually done for pay or profit[.]"  *Id*.  "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."  *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001).

Plaintiff presented no evidence that her past work should not qualify as SGA.  In fact, her earnings record supported this classification (she worked at least for parts of two months in retail sales in 1992 and 1993, and earned over $20,000 as a small products assembler in 1997).  Tr. 109, 110.

This court rejects plaintiff's related arguments that the ALJ violated the duties to appraise past work experiences and that work's "nature."  The ALJ adequately explored the scope of plaintiff's past work, and evaluated the evidence presented regarding whether plaintiff could return to that work.  The ALJ's reliance upon the VE's testimony in evaluating plaintiff's past work and that work's physical demands was proper.  The ALJ's conclusions are supported by substantial evidence.

12 - OPINION AND ORDER

**CONCLUSION**

This court has fully reviewed the record of this case and has considered each of plaintiff's arguments. This court concludes that the decision of the Commissioner is based upon the correct legal standards and is supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Stephanie Loeks's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this    18    day of January, 2011.




      /s/ ANCER L. HAGGERTY
         ANCER L. HAGGERTY
      United States District Judge